UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Country Inns & Suites by Carlson, Inc., | No. 13-cv-3381 (PJS/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Praestans One, LLC, et al., | |
| Defendants. | |

This matter came before the undersigned United States Magistrate Judge upon Plaintiff's Motion for Default Judgment and Award of Attorneys' Fees and Costs Against Defendants Praestans One, LLC, Naresh Amin, Sanjay Amin, Ramesh Joshi, and Vijay Modi, [Docket No. 66]. The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, referred the present motion to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. (Order of Reference [Docket No. 24]). The Court held a motion hearing on November 18, 2014, and the Court took Plaintiff's motion under advisement. For reasons discussed herein, the Court recommends **GRANTING** Plaintiff's Motion for Default Judgment and Award of Attorneys' Fees and Costs Against Defendants Praestans One, LLC, Naresh Amin, Sanjay Amin, Ramesh Joshi, and Vijay Modi, [Docket No. 66].

**I.    BACKGROUND[1]**

Plaintiff Country Inns & Suites by Carlson, Inc. ("Plaintiff") initiated the present case, alleging breach of contract, on or about December 9, 2013. (Compl. [Docket No. 1]). On or about March 30, 2005, Plaintiff and Defendant Praestans One, LLC ("Praestans") executed a

---

[1] The Undersigned articulated relevant background and underlying facts in its previous Report and Recommendation, [Docket No. 57].

License Agreement, attached to Plaintiff's Complaint as Exhibit A. (Id. ¶ 15; Schindler Aff. [Docket No. 69], ¶ 7). The License Agreement granted Praestans One, LLC license to construct and operate a Country Inns & Suites System Hotel for fifteen (15) years. (Schindler Aff. [Docket No. 69], ¶ 7). Contemporaneously, Plaintiff and Defendants Naresh Amin, Sanjay Amin, Ramesh Joshi, Vijay Modi, and others who are no longer parties to the present case executed a Personal Guaranty of License Agreement; Defendants guaranteed to make full and prompt payment of all fees, charges, payments, and amounts due or payable to Plaintiff under the License Agreement.[2] (Id. ¶ 8). The individual guarantors agreed that upon termination or expiration of the License Agreement, they would timely perform all of Praestans's post-termination obligations. (Id.)

---

[2] The Personal Guaranty provides, in relevant part:

> Guarantors, jointly and severally, absolutely, irrevocably and unconditionally, promise and guaranty to Country, that Guarantors will: a) make the full and prompt payment to Country and its Affiliates when due, of all fees, charges, Payments, and amounts due or payable to Country and its Affiliates under the License Agreement and any amendments thereto, or which arise out of or are related to the License Agreement or any amendments, including all interest thereon (all of said fees, charges, Payments, amounts, and interest called the "Indebtedness"); and b) upon termination or expiration of the License Agreement, timely perform all of Licensee's obligations under Article 19 of the License Agreement, the contents of which are incorporated herein by reference.
>
> No act or thing need occur to establish the liability of Guarantors and no act or thing (including, but not limited to: a discharge in bankruptcy of the Indebtedness, the running of the applicable statute of limitations, release, compromise or adjustment with Licensee or any Guarantors) which, but for this provision could act as a release of the liabilities of Guarantors hereunder, shall in any way exonerate or release Guarantors or affect, impair, reduce or release this Guaranty and the liability of Guarantors hereunder; and this shall be a continuing, absolute and unconditional Guaranty and shall be in force and be binding upon Guarantors until the Indebtedness has been fully paid and all guaranteed obligations have been completed.

(Personal Guaranty [Docket No. 1-2], at 2). Additionally, the Personal Guaranty expressly states that certain sections of the License Agreement "apply to the Guarantors and this Guaranty," including Section 25.13 (Attorneys' Fees). (Id.)

Praestans's hotel – the subject of the License Agreement and the Personal Guaranty – was not successful, and Praestans fell behind on payments required under the License Agreement. (Compl. [Docket No. 1], at ¶ 25). On March 6, 2009, Praestans and Plaintiff executed a promissory note to arrange a payment plan. (Id.) Subsequently, on October 8, 2010, Plaintiff advised Praestans that it had defaulted on both the License Agreement and the promissory note. (Id. at ¶ 26; Pl.'s Ex. C [Docket No. 1-2], at 4-8). Over the ensuing two years, the parties negotiated "numerous" extensions of Praestans's deadline to cure the default, but Praestans never fully cured. (Compl. [Docket No. 1], at ¶ 27; see also Pl.'s Ex. D [Docket No. 1-2], at 9-13) (hereinafter, the "October 23, 2012 Notice of Extension")). The October 23, 2012 Notice of Extension provided that in the event Praestans failed to cure the outstanding defaults by November 30, 2012, the License Agreement would terminate effective December 12, 2012. (October 23, 2012 Notice of Extension [Docket No. 1-2], at 11). On December 5, 2012, Plaintiff served Defendant Praestans with a further Notice of Extension. (Compl. [Docket No. 1], at ¶ 28; Pl.'s Ex. E [Docket No. 1-2], at 14-18). In this Notice, Plaintiff advised that the License Agreement would not terminate on December 12, 2012, but that Praestans's failure to cure the default by January 4, 2013, would result in termination of the License Agreement on January 16, 2013. (Dec. 5, 2012 Notice of Extension [Docket No. 1-2], at 15-16).

On December 17, 2012, Praestans ceased operation and transferred the hotel pursuant to a substitute trustee's auction. (Schindler Aff. [Docket No. 69], ¶ 10). On December 19, 2012, Plaintiff sent Praestans a Notice of Default and Notice of Termination stating that the December 17 transfer occurred without Plaintiff's consent, in violation of Article 17.1, subsections (f) and (i) of the License Agreement. (Id. ¶ 11). By the language of the License Agreement, the violation

3

entitled Plaintiff to terminate the Agreement without affording Defendants the opportunity to cure. (Id.)

Plaintiff initiated the present case, and summonses were issued to Defendants Prem P. Agarwal, Naresh Amin, Nayanesh P. Amin, Sanjay M. Amin, Ramesh Joshi, Vijay Modi, and Praestans One, LLC on or about December 10, 2013. (Summons Issued [Docket No. 4]). Defendant Praestans One, LLC was served with a copy of the summons and Complaint on December 18, 2013; Defendants Sanjay M. Amin, Prem P. Agarwal, and Vijay Modi were served on December 13, 2013; and Defendants Nayanesh P. Amin, Ramesh Joshi, and Naresh Amin were served on December 12, 2013. (See [Docket Nos. 5, 6, 7, 8, 9, 10, 11]).

On January 17, 2014, after it appeared that more than twenty-one (21) days had elapsed since Defendants were served with the summons and Complaint, the Court issued an Order directing the following:

1. Within three (3) business days of this Order, Counsel for Country Inns & Suites by Carlson, Inc. ("Plaintiff"), shall notify Defendants that they are required to file a responsive pleading or move for an extension of time to do so; and
2. If the Defendants fail to file a responsive pleading or move for an extension of time to do so within five (5) business days of having been given the notice required by Paragraph 1, Plaintiff shall file an application of default; or advise the Court in writing of any good cause for not doing so; and
3. If the Plaintiff fails to comply with the foregoing within twenty (20) days of the date of this Order, the Court will recommend that the case be dismissed for lack of prosecution.

(Order [Docket No. 12]). Following several Defendants' non-compliance with the Court's January 17, 2014 Order,[3] on January 31, 2014, Plaintiff applied for and received entry of default

---

[3] On February 27, 2014, the Court recommended that Defendant Nayanesh P. Amin be dismissed from the present action for failure to prosecute. (Report and Recommendation [Docket No. 38]). The Honorable Patrick J. Schiltz adopted the Report and Recommendation on March 18, 2014. (Order [Docket No. 43]).

against Defendants Praestans One, LLC, Ramesh Joshi, Vijay Modi, and Naresh Amin. (Application for Entry of Default [Docket No. 18]; Clerk's Entry of Default [Docket No. 20]). Defendant Sanjay M. Amin received an extension of time to answer or otherwise respond to the Complaint. (Stipulation [Docket No. 15]; Order [Docket No. 21]).

However, following the clerk's entry of default, Defendants Modi and Joshi received an extension of time to answer or otherwise respond to the Complaint. (Orders [Docket Nos. 31, 32]). Defendants S. Amin, Modi, and Joshi filed motions to dismiss, [Docket Nos. 36, 37, 40]. The Court subsequently recommended denying Defendants' motions to dismiss, [Docket No. 57], and Judge Schiltz adopted the Report and Recommendation on July 14, 2014. (Order [Docket No. 61]).

With clerk's entries of default in place, Plaintiff moved for default judgment against Defendant Praestans One, LLC and Naresh Amin on June 2, 2014. (Motion for Default Judgment [Docket No. 50]). However, Plaintiff withdrew its motion on July 1, 2014, in light of case law that would ultimately prevent the Court from entering Plaintiff's requested relief. (Letter to Magistrate Judge [Docket No. 59]). Plaintiff explicitly withdrew its motion for default judgment with the understanding that the Court would allow Plaintiff to refile the motion upon final judgment or resolution of the case against *all* remaining Defendants. (Id.)

After it appeared that more than fourteen (14) days had elapsed since the Court's denial of Defendants Modi, Joshi, and S. Amin's motions to dismiss, the Court issued an Order noting that the Federal Rules of Civil Procedure required these three Defendants to answer the Complaint and directing the following:

---

On May 19, 2014, Plaintiff informed the Court that Plaintiff had reached a settlement with Defendant Prem P. Agarwal. (Letter to Magistrate Judge [Docket No. 45]). The Court issued an Order dismissing Defendant Agarwal from the case, pursuant to stipulation of the parties, on May 27, 2014. (Order of Dismissal [Docket No. 49]). Neither of these Defendants remain in the case subject to default judgment.

1. Within three (3) business days of this Order, Counsel for Country Inns & Suites by Carlson, Inc. ("Plaintiff"), shall notify Defendants Ramesh Joshi, Vijay Modi, and Sanjay M. Amin that they are required to file a responsive pleading or move for an extension of time to do so; and
2. If the Defendants fail to file a responsive pleading or move for an extension of time to do so within five (5) business days of having been given the notice required by Paragraph 1, Plaintiff shall file an application of default or advise the Court in writing of any good cause for not doing so; and
3. If the Plaintiff fails to comply with the foregoing within twenty (20) days of the date of this Order, the Court will recommend that the case against Defendants Ramesh Joshi, Vijay Modi, and Sanjay M. Amin be dismissed for lack of prosecution.

(Order [Docket No. 62]). In compliance with the Court's Order (after non-compliance by Modi, Joshi, and S. Amin), Plaintiff applied for and received entry of default against Defendants Modi, Joshi, and S. Amin. (Application for Entry of Default [Docket No. 63]; Clerk's Entry of Default [Docket No. 65]).

Now Plaintiff moves for entry of default judgment against the five (5) Defendants that remain in the case, against whom Plaintiff's has received clerk's entries of default. Plaintiff represents that as of the date of termination of the License Agreement, Defendants owed $56,742.31 in past due fees and $173,799.27[4] in liquidated damages. (Schindler Aff. [Docket No. 69], ¶ 13, Ex. 1; Supp. Schindler Aff. [Docket No. 76], Ex. A). Since initiating the present suit, Plaintiff has received $40,000 via settlement with one of the individual guarantors, Prem Agarwal. (Schindler Aff. [Docket No. 69], ¶ 14). As a result thereof, Plaintiff moves the Court for entry of default judgment in the amount of $190,541.58 against all remaining Defendants, jointly and severally. (Id.)

The requested judgment – $190,541.58 – is comprised of the following sums:

---

[4] Plaintiff represents that liquidated damages total $173,799.28; however, employing the figures submitted in Exhibit A to the Supplemental Schindler Affidavit, by the Court's calculation, liquidated damages total $173,799.27.

A.   **Past Due Fees**

Pursuant to Article 5 of the License Agreement, (Compl. [Docket No. 1], Ex. A), Plaintiff seeks payment of all past due fees, comprised of past due Royalty Fees (Article 5.2) and Marketing Fees (Article 5.3). Additionally, Article 5.8 provides that the Licensee will pay Plaintiff interest on any amounts owed to Plaintiff that are past due, "at the lesser of one and one-half percent (1.5%) per month or the maximum rate of interest permitted by applicable law." (Id. at 6). Article 19 explicitly provides that immediately upon termination of the License Agreement, Licensee will immediately pay all amounts due and owing. (Id. at 17-18).

B.   **Liquidated Damages**

Article 17.4 of the License Agreement provides:

> If this Agreement is terminated because of Licensee's default, the actual damages that Country would suffer for the loss of prospective fees and other amounts payable to Country under Article 5 would be difficult if not impossible to ascertain. Therefore, if this Agreement is terminated because of Licensee's default, Licensee within 10 days of such termination will pay to Country as liquidated damages and not as a penalty a reasonable estimate of the probable damages that Country would suffer for the loss of prospective fees and other amounts payable under Article 5, calculated as follows: (i) three times the Royalty and Marketing Fees payable to Country under Sections 5.2 and 5.3 for the 12 months of the Hotel's Operation as a System Hotel immediately preceding the date of termination of this Agreement . . . .
>
> The liquidated damages are only in lieu of the actual damages Country would suffer under Article 5 after the termination of this Agreement. Country also has the right to recover from Licensee all damages of every type and nature, including future damages that Country sustains as a result of termination.

Pursuant to Article 17.4, to determine the amount of damages Plaintiff incurred as a result of Praestans One, LLC's premature termination, Plaintiff calculated the Royalty and Marketing Fees paid to Plaintiff during the twelve months immediately preceding the date the License

Agreement was terminated and multiplied that number by three. (Schindler Aff. [Docket No. 69], ¶ 18, Ex. 2; Supp. Schindler Aff. [Docket No. 76], Ex. A). Plaintiff affirmatively represents that it does not benefit from any significant costs savings attributable to Defendants' exit from its franchise system. (Id. ¶¶ 19-20).

### C.   Attorneys' Fees

In addition to the $190,541.58 judgment, Plaintiff seeks attorney fees, as provided in Article 25.13 of the License Agreement.[5] Plaintiff's counsel, Gray Plant Mooty, began billing for the present matter on November 25, 2013. (Miller Aff. [Docket No. 70], ¶ 33). Plaintiff's counsel represents, and the Court has confirmed, that, to date, GPM has billed Plaintiff $24,395.68 in attorneys' fees and costs, excluding all fees and costs incurred by Plaintiff relating to now-dismissed Defendants Prem Agarwal and Nayanesh P. Amin. (Id. at Ex. 3; Supp. Miller Aff. [Docket No. 77], Ex. A). Plaintiff's counsel avows that he has reviewed the original time records for the present matter and affirms that the work was actually performed for the benefit of the client and was necessary for the proper representation of the client; charges for any unnecessary or duplicative work have been eliminated. (Miller Aff. [Docket No. 70], ¶ 39).

## II.   PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND AWARD OF ATTORNEYS' FEES AND COSTS, [DOCKET NO. 66]

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff moves the Court for an order entering default judgment, jointly and severally, against Defendants Praestans One,

---

[5] The License Agreement provides that a prevailing party shall pay the other party's attorneys' fees:

> 25.13 Attorneys' Fees. All reasonable and necessary costs and expenses, including attorneys' fees, incurred by Country or Licensee in enforcing any provisions of this Agreement, or in defending any Claims made against one by the other with respect to this Agreement, whether through injunctive relief or otherwise, will be paid to the prevailing party in such action by the other party.

(License Agreement [Docket No. 1-1], at § 25.13).

LLC, Naresh Amin, Sanjay Amin, Ramesh Joshi, and Vijay Modi (collectively, "Defendants"), in the amount of $190,541.58, as a result of Defendants' failure to answer or otherwise respond to the Complaint. Additionally, Plaintiff moves the Court for an order directing Defendants to pay Plaintiff's attorneys' fees, costs, and disbursements, in the amount of $24,395.68. (See [Docket No. 66], as modified by Supp. Miller Aff. [Docket No. 77]). By the Court's calculation, Plaintiff's requested judgment totals $214,937.26. (Id.)

### A. Standard of Review

Rule 12(a)(1) of the Federal Rules of Civil Procedure directs defendants to file an answer or other responsive pleading within twenty-one (21) days after receiving service of the summons and complaint. Fed. R. Civ. P. 12(a)(1). In the event a defendant files a Rule 12 responsive motion in lieu of an answer, Rule 12(a)(4)(A) provides that when the court denies the motion or postpones its disposition until trial, the defendant must serve and file a responsive pleading within fourteen (14) days after notice of the court's action. Fed. R. Civ. P. 12(a)(4)(A). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Following a clerk's entry of default, a plaintiff may apply to the Court for entry of default judgment:

> If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

"'The entry of judgment by default is only appropriate where there has been a clear record of delay or contumacious conduct.'" Stephenson v. Deutsche Bank AG, No. 02-cv-3682 (MJD/AJB), 2007 WL 763087, at *10 (D. Minn. Mar. 9, 2007) (quoting Taylor v. City of Ballwin, 859 F.2d 1330, 1332 (8th Cir. 1988); see also Iowa State Univ. Research Found. v. Greater Continents Inc., 208 F.R.D. 602, 603-04 (S.D. Iowa 2002) (denying defendant's motion to set aside default judgment because defendant's conduct in failing to appear and failing to answer the Complaint were enough to enter a default judgment against it)).

However, even where the clerk has entered default, a plaintiff seeking a default *judgment* must "prove its actual damages to a reasonable degree of certainty." Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010); Marshall v. Baggett, 616 F.3d 849, 852-53 (8th Cir. 2010); F.T.C. v. Kitco of Nevada, Inc., 612 F. Supp. 1282, 1297 (D. Minn. 1985).

**B.     Analysis**

Plaintiff argues that because Defendants have failed to respond to the Complaint – or answer following denial of their motions to dismiss – Plaintiff is entitled to judgment against the Defendants in the amount of $190,541.58, representing (1) the amount of past Royalty Fees, Marketing Fees, and Reservation Fees due and owning under the License Agreement and

Personal Guaranty at the time of termination, and (2) liquidated damages; in addition to attorneys' fees. (Pl.'s Mem. [Docket No. 68], at 6-7). The License Agreement provides that upon termination, Defendants must immediately pay all sums due and owing to Plaintiff, including liquidated damages. (Compl. [Docket No. 1], Ex. A, Articles 17.4 and 19.1(a)).

As articulated in section I, supra, Plaintiff has demonstrated that all five remaining Defendants were properly served with a copy of the summons and Complaint in the present case. None of the five Defendants filed an answer within the time period prescribed by Rule 12 of the Federal Rules of Civil Procedure and have effectively failed to plead or otherwise defend the present action. Because the Clerk of Court has entered default against all five remaining Defendants, entry of default judgment pursuant to Rule 55 is appropriate.

As articulated in the Standard of Review section, supra, the Court must determine whether the factual allegations in the Complaint, taken as true, assert a legitimate cause of action against the Defendants. The Court has already undertaken this analysis in its June 20, 2014 Report and Recommendation, [Docket No. 57], adopted by Judge Schiltz, [Docket No. 60]. The Court held that Plaintiff sufficiently stated claims upon which relief may be granted, under Rule 12(b)(6). (Report and Recommendation [Docket No. 57], at 15-21). Under Virginia law[6], the elements of a breach of contract claim are: (1) a legally enforceable obligation of the defendant(s) to the plaintiff(s); (2) a breach of that obligation; and (3) injury or damages caused by that breach. Sunrise Continuing Care, LLC, v. Wright, 671 S.E.2d 132, 135 (Va. 2009). Plaintiff's Complaint alleges facts sufficient to demonstrate the existence of each of these elements: Plaintiffs allege that Defendants were bound by the contractual provisions of the License Agreement and the Personal Guaranty; that Defendants violated provisions of the

---

[6] As noted in previous orders of the Court, the License Agreement and Personal Guaranty provide for application of Virginia law.

License Agreement; and that Plaintiff incurred financial damage as a result thereof. Applying the pleading standards required by Federal Rule of Civil Procedure 8 and <u>Twombly/Iqbal</u>, Plaintiff's Complaint states a breach of contract claim upon which relief may be granted.

Defendants do not oppose the present motion, nor Plaintiff's calculation of damages. As Plaintiff's numeric values are supported by documentary evidence and sworn affidavits and have been confirmed by the Court's own calculations, the Court finds no reason to conduct an evidentiary hearing. <u>Stephenson</u>, 2007 WL 763087, at *13 (<u>citing</u> <u>United States v. Grant</u>, 268 F. Supp. 2d 29 (D.D.C. 2003) (holding that the court is not required to conduct a hearing as to the amount of damages as long as the party moving for default judgment provides a basis for the damages sought)). The Schindler Affidavits, [Docket Nos. 69, 76], set forth with particularity the precise calculation of the actual and liquidated damages amounts, totaling $190,541.58. Similarly, the Court is satisfied that the Miller Affidavits, [Docket Nos. 70, 77], set forth with particularity the precise calculation of attorneys' fees incurred in the present case, totaling $24,395.68.

### III.  CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED:**

1. That Plaintiff's Motion for Default Judgment and Award of Attorneys' Fees and Costs Against Defendants Praestans One, LLC, Naresh Amin, Sanjay Amin, Ramesh Joshi, and Vijay Modi, [Docket No. 66], be **GRANTED**;

2. That default judgment in the amount of $190,541.58 be entered against Defendants Praestans One, LLC, Naresh Amin, Sanjay Amin, Ramesh Joshi, and Vijay Modi, jointly and severally; and

3. That Defendants Praestans One, LLC, Naresh Amin, Sanjay Amin, Ramesh Joshi, and Vijay Modi be held responsible – jointly and severally – for paying Plaintiff's attorneys' fees incurred in the present case, in the amount of $24,395.68.

Dated: December 11, 2014                                   s/Leo I. Brisbois
                                                          Leo I. Brisbois
                                                          U.S. MAGISTRATE JUDGE

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by December 26, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by January 9, 2014**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.